U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 2 0 2006

ROBERT H. SHEMWELL, CLERK
BY DEPUTY

United States District Court
Southern District of Texas
ENTERED

APR 1 1 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ADAN ORTIZ, JR.,** | § | |
| **Plaintiff,** | § | CV06-0658 |
| **v.** | § | **CIVIL ACTION NO. B-06-020** |
| **ROBERT HOLMAN TRUCKING, INC.,** | § | |
| **Defendant.** | § | |

**ORDER**

BE IT REMEMBERED, that on April 11, 2006, the Court considered Defendant's Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer Venue [Dkt. No. 6].

**Factual and Procedural Background**

This negligence action arises from an accident between two tractor-trailers that occurred in St. Martin Parish, Louisiana on November 16, 2005. Plaintiff, Adan Ortiz, Jr., who was driving one of the trucks, alleges he was injured as a result of the accident.

On January 31, 2006, Plaintiff filed a complaint in the Southern District of Texas, Brownsville Division [Dkt. No. 1]. Defendant filed a motion requesting dismissal or transfer due to improper venue [Dkt. No. 6], and Plaintiff responded [Dkt. No. 7].

Defendant contends that venue is improper in the Southern District of Texas and requests that the action be transferred to the Western District of Louisiana where the accident took place. Plaintiff provides a conclusory response that misstates the requirements under the venue statute. Plaintiff states that venue is proper under 28 U.S.C. § 1332(a)(1) because the *Plaintiff* resides in the Southern District of Texas. Additionally, Plaintiff contends that the "Plaintiff's choice of forum should be afforded 'great weight' under federal law" without authority for the proposition.

**Transfer Under 28 U.S.C. § 1406(a)**

Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). First, the Court must determine whether venue is proper in the Southern District of Texas, Brownsville division. If venue is not proper, then the Court must decide whether to dismiss this lawsuit or transfer it to the Western District of Louisiana.

Once a defendant has raised a proper objection to venue, the plaintiff bears the burden of proof to establish that the venue they chose is proper. *Seariver Maritime Financial Holdings Inc. v. Pena*, 952 F. Supp. 455, 458 (S.D. Tex. 1996). "The burden should be on the plaintiff to institute an action in the proper place, because 'to hold otherwise would circumvent the purpose of venue statutes.'" *Id.* While some cases have held that the burden is on the defendant, "the clear weight of authority, is that, when objection has been raised, the burden is on the plaintiff." Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3826 at p. 259. *See also Waldron v. Freightliner Corp.*, 1996 WL 737005 *2 (E.D. La)(*citing* Wright, Miller & Cooper); *Smith v. Fortenberry*, 903 F. Supp. 1018, 1020 (E.D. La. 1995).

**Proper Venue under 28 U.S.C. § 1391(a)**

Plaintiff brings this action based on diversity of citizenship because Plaintiff is a citizen of Texas and Defendant is a North Carolina corporation. When jurisdiction is founded only on diversity of citizenship, section 1391(a) applies for purposes of determining proper venue. 28 U.S.C. § 1391(a).

Under section 1391(a)(1), if all defendants reside in the same State, a civil action may be brought in "a judicial district where any defendant resides." 28 U.S.C. § 1391(a)(1). Robert Holman Trucking, Incorporated, the Defendant in this action, is a North Carolina corporation. For purposes of venue, according to 1391(c), a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. Plaintiff identifies North Carolina as "Defendant's place of residence" [Dkt. No. 7]. A corporation is subject to personal jurisdiction in a state when the corporation is organized under the state's laws. *RLI Ins. v. Philadelphia Indemnity Ins.*,

2004 WL 1562853 *2 (N.D. Tex. 2004)(*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed. 404 (1984)). Therefore, under 1391(a)(1), North Carolina is a potential proper venue. Plaintiff provides no evidence of contacts between Defendant and the state of Texas, and therefore, Plaintiff has failed to establish the residence of the Defendant in any state other than North Carolina. Defendant requests a transfer of venue to Louisiana and thus, implies that Defendant's consent to personal jurisdiction in the Western District of Louisiana. Therefore, under 1391(a)(1), while venue may be proper in North Carolina or Louisiana, venue is not proper in the Southern District of Texas.

Under section 1391(a)(2), a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Under the present facts, the accident occurred in Saint Martin Parish which is located in the Western District of Louisiana. Courts have held that the place where an accident occurred is a proper venue. *Horihan v. Hartford Ins.*, 979 F. Supp. 1073, 1078 n.3 (E.D. Tex. 1997); *Smith*, 903 F. Supp. at 1020; *Waldron*, 1996 WL 737005 at *2. Plaintiff does not assert that the accident occurred in the Southern District of Texas; instead, Plaintiff identifies Louisiana as "the place of the incident" [Dkt No. 7]. Plaintiff merely asserts that evidence related to damages, including witnesses and documents pertaining to Plaintiff's medical condition, are located within the Brownsville Division. This potential evidence does not constitute a substantial part of the events or omissions giving rise to the claim, and thus, the Southern District of Texas is not a proper venue under 1391(a)(2). However, the Western District of Louisiana is a potential proper venue.

Section 1391(a)(3) only applies "if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a)(3). Since either the Western District of Louisiana or a district in North Carolina are proper venues under 1391(a), the general section of the venue statute does not apply.

After analysis of this action under section 1391(a), the Court finds that venue is not proper in the Southern District of Texas, Brownsville Division.

**Transfer When Venue Is Not Proper**

Venue is not proper in this Court under any provision of section 1391(a). Therefore, the Court must either dismiss the suit or transfer it to a judicial district in which venue is proper. 28 U.S.C. § 1406(a). As discussed above, the accident occurred in Saint Martin Parish, Louisiana, and therefore, venue is proper in the Western District of Louisiana, Lafayette/Opelousas Division. *See* Court Information *at* www.lawd.uscourts.gov. In the present case, the Court finds that it is in the interest of justice to transfer this case rather than dismiss it. The Court finds it appropriate to transfer this case pursuant to section 1406(a). Therefore, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue [Dkt. No. 6] and transfers this case to the Western District of Louisiana, Lafayette/Opelousas Division.

**Conclusion**

Venue is not properly laid in the Southern District of Texas, Brownsville Division. The Court **DENIES** Defendant's Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue [Dkt. No. 6] to the extent Defendant seeks dismissal. The Court **GRANTS** Defendant's Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue [Dkt. No. 6] to the extent Defendant seeks transfer of the case to the Western District of Louisiana, Lafayette/Opelousas Division. The clerk of this Court is requested to take all steps necessary to transfer this case.

DONE at Brownsville, Texas, this 11 day of April, 2006.

Hilda G. Tagle
United States District Judge

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By Deputy Clerk

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 2 0 2006

ROBERT H. SHEMWELL, CLERK
BY [signature]
DEPUTY



CV06-0658

L-O

JUDGE HAIK

MAGISTRATE JUDGE METHVIN

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF TEXAS
600 E. HARRISON STREET #101
BROWNSVILLE, TEXAS 78520
(956) 548-2500

MICHAEL N. MILBY, CLERK
CLERK OF COURT

RE: Our Case No.: **B-06-cv-020**
**Adan Ortiz, Jr.**
**vs.**
**Robert Holman Trucking, Inc.**

April 11, 2006

Dear Sir/Madam:

Enclosed is a certified copy of an order filed on April 11, 2006 transferring the above case to your District along with a certified copy of the docket sheet.

We are transmitting CERTIFIED COPIES of the entire case file along with a certified copy of transfer order and docket sheet.

Please acknowledge receipt of the enclosures by executing the receipt below and returning a copy to us.

Very truly yours,

MICHAEL N. MILBY, CLERK

BY: [signature: Bertha A Vasquez]
Bertha A Vasquez, Deputy Clerk

cc: Counsel of Record

RECEIVED AND FILED UNDER CIVIL CASE NO.: 6:06 cv 658

ON ____________________

CLERK, U.S. District Court

BY: [signature], Deputy Clerk